**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:

DANIELA MARIA ROSA,                                    Chapter 11

                                                       Case No. 17-27826 (CMG)

                       Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - -X

DANIELA MARIA ROSA,                                    Adv. Pro. No. 17-01664 (CMG)

          Plaintiff,
v.

WELLS FARGO,

          Defendant.


- - - - - - - - - - - - - - - - - - - - - - - - - -X


**OPINION**

**APPEARANCES:**

**LAW OFFICES OF ANDY WINCHELL, PC**
**Andy Winchell, Esq.**
Attorney for Plaintiff

**REED SMITH LLP**
**Ethan R. Buttner, Esq.**
Attorneys for Defendant


**CHRISTINE M. GRAVELLE, U.S.B.J.**

## I.  __Introduction__

Before the Court are a motion and cross-motion for summary judgment in adversary proceeding 17-1664, Daniela Maria Rosa ("Rosa" or "Debtor") v. Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant").  Generally, the adversary proceeding relates to Wells Fargo's denial of Rosa's loan modification application and whether its actions in responding to her subsequent correspondence regarding the denial constitute violations of the Real Estate Settlement Procedures Act ("RESPA") and Regulation X.

More specifically, the adversary proceeding has focused this Court's attention on three regulations.  The Court previously made the finding noted below in parentheses as to the first listed regulation.  The applicability of those findings to this decision will be discussed later.

> 12 C.F.R. § 1024.35 Error Resolution Procedures, notably 12 C.F.R. § 1024.35(a) "Notice of Error," (not applicable to denial of application for loan modification);
> 12 C.F.R. § 1024.36 "Requests for Information;" and
> 12 C.F.R. § 1024.41 Loss Mitigation Procedures, notably 12 C.F.R. § 1024.41(h) "Appeal Process."

The motions present two distinct issues for consideration.  Wells Fargo's motion for summary judgment requests judgment in its favor on the straightforward matter of whether Wells Fargo complied with 12 C.F.R. § 1024.41(h), by having the appeal reviewed by different personnel than those who reviewed the loan modification application.  Wells Fargo has submitted a certification from an employee who reviewed its business records and identified the two different people who reviewed the initial application and the appeal.  Though Rosa has not engaged in discovery or otherwise provided any information to demonstrate that Wells Fargo was not in compliance with the regulation, she submits that the certification is insufficient to allow for summary judgment.

Rosa's cross-motion for summary judgment seeks judgment in her favor finding that Wells Fargo violated § 1024.36, by failing to respond to Rosa's purported Requests for Information. The cross-motion presents more complicated issues relating to whether, based upon the procedural history of the adversary proceeding, Rosa may pursue any additional claims beyond those under § 1024.41(h).

This Court previously issued an opinion granting in part, and denying in part, Wells Fargo's motion to dismiss the complaint. *See* <u>In re Rosa</u>, No. 17-27826 (CMG), 2018 WL 4352168, 2018 Bankr. LEXIS 2424 (Bankr. D.N.J. Aug. 9, 2018) ("Rosa I"). Rosa I focused on Debtor's claims against Wells Fargo under § 1024.35, which allows a consumer to send a Notice of Error to their servicer, and did not explicitly address any claims under § 1024.36, which allows a consumer to send a Request for Information sent to their servicer. Wells Fargo posits that the Court's discussion of Notices of Error under § 1024.35(a) in Rosa I deductively eliminated Rosa's claim under § 1024.36. If Wells Fargo is correct, Rosa's sole remaining claim in the adversary proceeding would be under § 1024.41(h). Wells Fargo seeks summary judgment as to that claim.

Debtor contends that the Rosa I decision did not preclude the continuation of an action under § 1024.36 and that her request for summary judgment on the claim made pursuant to that section is appropriate.

Because Rosa has produced no information which would create a factual dispute as to whether different personnel reviewed Rosa's initial loan modification and her appeal, the Court will GRANT Wells Fargo's motion for summary judgment. The Court agrees with Wells Fargo that the decision in Rosa I limited Debtor's claims going forward to those arising under § 1024.41(h). For this reason, and because Rosa has no valid claim under § 1024.36 even if Rosa I had not eliminated it, the Court will DENY Rosa's cross-motion.

## II.    <u>Jurisdiction</u>

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 23, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (C), and (O).  Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.  Pursuant to Fed. R. Bankr. P. 7052, the Court issues the following findings of fact and conclusions of law.

## III.    <u>Factual and Procedural History</u>

The parties are aware of the factual and procedural history.  The Court has outlined same in two prior opinions entered in the case - the aforementioned Rosa I; and an opinion denying Rosa's motion to amend the complaint. *See* <u>In re Rosa</u>, No. 17-27826 (CMG), 2020 WL 1968240, 2020 Bankr. LEXIS 1136 (Bankr. D.N.J. April 23, 2020) ("Rosa II").  The facts and procedural histories as stated in those opinions are incorporated herein.  Some additional context to inform the specific issues raised by these motions is warranted.

As stated, this lawsuit stems from Wells Fargo's denial of Rosa's loan modification application.  Rosa contends that the denial was based upon Wells Fargo's incorrect calculation of income.  Rosa sent a May 29, 2017 letter (the "First Letter"), which was presented as an appeal and a Notice of Error under § 1024.35, and which extensively cited to the language and requirements of that regulation.  Specifically, in requesting a reply from Wells Fargo, the First Letter quoted the precise language of § 1024.35(e)(1), which sets forth the requirements for a response to a Notice of Error.  While the First Letter extensively outlined the reasoning for Rosa's belief that the denial was in error, it did not request any additional information beyond the

regulatory response requirements of § 1024.35(e)(1).    The First Letter made no reference to § 1024.36 (Requests for Information).

After Wells Fargo denied the appeal in response to the First Letter, but did not respond to Rosa's substantive concerns, Rosa sent another letter on June 23, 2017 (the "Second Letter"), which stated that the letter constituted a Notice of Error under § 1024.35.  The Second Letter again extensively cited to the language and requirements of that regulation.  As with in the First Letter, the Second Letter outlined in detail the purported errors made by Wells Fargo during the process but did not request any additional information beyond the precise requirements for a response to a Notice of Error as contained in § 1024.35(e)(1).    Notably, the Second Letter did reference § 1024.36 (Requests for Information), but only as to the time periods for reply set forth in § 1024.36.  It did not otherwise reference or cite to that regulation in any other capacity.  Counsel for Wells Fargo treated the Second Letter as a Notice of Error pursuant to § 1024.35 and responded outlining its position that no error existed.

Rosa filed the present adversary proceeding on October 10, 2017.  The preliminary statement in the complaint stated that Wells Fargo violated the RESPA and Regulation X "by failing to properly evaluate the Plaintiff's application for loss mitigation."  It alleged that "Wells Fargo failed to correct such errors when the Plaintiff identified them through 'Notices of Error.'" The preliminary statement did not reference any claims related to a failure to reply to a Request for Information under § 1024.36.  Further, the factual allegations in the complaint buttressed the position set forth in the preliminary statement that the lawsuit was based upon the failure to evaluate the loan modification, and not the failure to respond to a Request for Information.  The complaint referred to the First Letter as the "May 29 Notice of Error."  It stated that the letter "alerted the Defendant to its error in calculating the gross income," but made no allegations as to

any Request for Information, or failure to reply to such request.  The adversary complaint referred

to the Second Letter as the "June 23 Notice of Error.  It again stated that the letter "alert[ed]

Defendant to its mistake and request[ed] that the Defendant correct it," but contained no factual

allegations regarding a Request for Information.  The adversary complaint alleged that Wells Fargo

"failed to conduct a reasonable investigation," and focused on Wells Fargo's actions in evaluating

the loan modification application and appeal.  The factual allegations did not contain any

allegations that Wells Fargo failed to respond to a Request for Information.

The adversary complaint contained a single count, styled as a Claim for Relief for violation

of RESPA and Regulation X.  This section cited to the requirements for responding to a Request

for Information under § 1024.36, among other provisions.  The section further stated that Wells

Fargo had "failed to conduct a reasonable search for the information that Plaintiff requested and/or

failed to provide the information request," and that it "ignored its obligations under 12 C.F.R.

1024.36, and failed to respond as required to the Plaintiff's Application, Notice of Error and

Request for Information."  The request for relief sought a declaration that Wells Fargo violated

RESPA and Regulation X generally and asked for damages and fees.

On November 27, 2017, more than a month after filing the adversary proceeding, Rosa sent

another letter to Wells Fargo (the "Third Letter").  The Third Letter explicitly stated that it was a

Request for Information.  It requested specific information regarding the life of the loan.  It did not

cite to any other regulation beyond § 1024.36.  Wells Fargo sent a reply noting that the account

was in active litigation, and that it would not provide a response because the issues were the same

or very closely related to those in the pending litigation.

In 2018 Rosa again applied to Wells Fargo for a loan modification.  Again, her application

was denied.  After the denial, Rosa sent a May 1, 2018 letter (the "Fourth Letter").  The Fourth

Letter explicitly noted that it was both a Request for Information <u>and</u> a Notice of Error.  As with the First Letter and Second Letter, it utilized the language from § 1024.35(e)(1).  Like the Second Letter, it referenced the time periods to respond under § 1024.36 but the Fourth Letter cited to these provisions immediately after advising that the letter was a Request for Information, which distinguishes the correspondence from the Second Letter.  Further distinguishing the Fourth Letter from the First and Second Letters, it requested "a detailed explanation of the reason(s) for discounting our Client's income."  Counsel for Wells Fargo responded to the Fourth Letter noting its position that a Notice of Error is not a valid method for challenging a denial of an application to modify a loan.  The response further stated that, because a Notice of Error is not the proper method for appealing a denial of a loan modification, the Request for Information was not valid and did not warrant a response.

During this time period, Wells Fargo filed a Motion to Dismiss the Adversary Complaint. The notice of motion stated that it was seeking dismissal for failure to state a cause of action upon which relief may be granted.  It did not contain any qualifying language that it was seeking partial relief as to only a portion of the adversary complaint.  The proposed form of order sought dismissal of the adversary proceeding with prejudice, again with no qualifying language that any portion of the complaint would continue.  Wells Fargo's brief focused on two claims:  1) that it had complied with § 1024.41 (Loss Mitigation Procedures); and (2) that the error resolution procedures of § 1024.35 (Notice of Error) were inapplicable to the denial of a loan modification application.  Wells Fargo's motion did not reference § 1024.36, nor did it contain any discussion of any Request for Information.  Rosa's opposition did not raise any issue that dismissal was inappropriate because a claim still existed under § 1024.36.  The regulation was only briefly mentioned through caselaw analysis unrelated to any discussion of an independent claim of Rosa's under its language.

On August 8, 2018, this Court issued the opinion Rosa I.  The opinion found that dismissal was appropriate as to any claims raised under § 1024.35, but that the limited issue of compliance under § 1024.41(h), relating to whether the appeal was reviewed by different personnel than those who reviewed the loan modification application, survived.  The opinion stated that Rosa had brought claims "pursuant to two provisions of RESPA," citing to §§ 1024.35 and 41.  It did not reference § 1024.36 in any capacity.  The Court found that the sole remaining issue was whether the appeal was reviewed by different personnel.  Rosa did not move for reconsideration or to clarify that it was her belief that a claim under § 1024.36 still existed.

The parties engaged in discovery, entering into four joint scheduling orders.  Pursuant to those orders, fact discovery extended to June 1, 2020.  No additional discovery was requested.  Also pursuant to those orders, the parties were required to file motions to amend pleadings, if any, no later than 30 days after the close of fact discovery, and all other motions were to be filed no later than 30 days after the close of all discovery.

In January 2020 Rosa filed a Motion to Amend the Complaint, seeking to add counts pursuant to the New Jersey Law Against Discrimination and the New Jersey Consumer Fraud Act.  The proposed amended complaint did not reference the Third Letter or the Fourth Letter.  The motion was denied, with the Court issuing the Rosa II opinion on April 23, 2020.

Fact discovery closed on June 1, 2020.  Wells Fargo filed the present motion for summary judgment on June 30, 2020.  As discussed, the motion focuses on whether Wells Fargo complied with § 1024.41 by having different personnel review the Rosa's appeal.  In support, Wells Fargo submitted the certification of Brandon McNeal (the "McNeal Certification"), who certifies that he has reviewed Wells Fargo's business records and found that "R. Burke" denied Rosa's original loan modification application and that "S. Garcia" reviewed the appeal and recommended its

denial.  These facts were included in Wells Fargo's Statement of Undisputed Material Facts in support of the motion for summary judgment.

Rosa did not file a motion within the 30-day period following the close of discovery. Instead, Rosa filed a cross-motion for summary judgment with her opposition to Wells Fargo's motion.  The cross-motion is unrelated to Wells Fargo's initiating motion.  It speaks to an entirely separate purported claim.  It is unclear why, if Rosa believed that judgment was appropriate at this stage, that she would not have filed her own, timely motion for summary judgment within 30 days of the close of discovery, as was required under the scheduling order.  Further, Rosa's opposition did not contain any response to the Statement of Undisputed Material Facts.  Pursuant to D.N.J. LBR 7056-1, those facts, including the review by R. Burke and S. Garcia, are now deemed undisputed.

Rosa's Cross-Motion seeks judgment against Wells Fargo for violations of § 1024.36.  For the first time on the record, she raises the responses to the Third Letter and Fourth Letter, which occurred after the filing of the complaint and before Rosa's Motion to Amend, as claims upon which she is entitled to judgment.  Wells Fargo filed opposition to the cross-motion.  Oral argument was heard on August 11, 2020.  The Court bases its decision upon this record.

IV.     **Legal Analysis**

A.  **Summary Judgment Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (made applicable to adversary proceedings pursuant to Fed. R. Bankr. P. 7056).  As the Supreme Court has indicated, "Summary judgment procedure is properly regarded not as a

disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (internal quotation and citation omitted). At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial. Knauss v. Dwek, 289 F. Supp. 2d 546, 549 (D.N.J. 2003), *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, (1986). In doing so, the court must construe facts and inferences in a light most favorable to the non-moving party. *See* Am. Marine Rail NJ, LLC v. City of Bayonne, 289 F. Supp. 2d 569, 578 (D.N.J. 2003), *citing* Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, (1986).

"The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact . . ." Huang v. BP Amoco Corp., 271 F.3d 560, 564 (3d Cir. 2001), *citing* Celotex Corp., 477 U.S. at 323. "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Federal Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995), *citations omitted*. Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586.

### B. **Summary Judgment in Favor of Wells Fargo is Appropriate as to 12 C.F.R. § 1024.41(h)**

12 C.F.R. § 1024.41(h)(3) provides that an appeal of a denial of a loan modification application "shall be reviewed by different personnel than those responsible for evaluating the borrower's complete loss mitigation application." Rosa's adversary complaint evidenced that the

same party, Malavanh Wood, signed both the Application Denial of Rosa's loan modification request and the Appeal Denial. With no additional information, this Court could not determine whether Wells Fargo had complied with § 1024.41(h) by having different personnel review the original application and the appeal. Consequently, the Court denied that portion of Wells Fargo's Motion to Dismiss the Adversary Proceeding.

The question of who reviewed the denial of Rosa's application for a modification has now been answered by way of the McNeal Certification. McNeal's review of the Wells Fargo business records has concluded that R. Burke reviewed the initial application, while S. Garcia reviewed the appeal. As Rosa failed to respond to the Statement of Undisputed Material Facts, the Court accepts as uncontested that "R. Burke reviewed and denied Plaintiff's loan modification application," and that "S. Garcia reviewed Plaintiff's appeal . . . and recommended that the appeal of the denial of the loan modification application be denied."

Rosa contends that there are still factual issues which preclude the entry of summary judgment. She challenges McNeal's person knowledge of the application process. She states that the McNeal Certification does not describe the process, how many people were involved in the review, who the supervisory personnel were, who had access to what information, what criteria or standard of review was employed, or any other facts that would allow the Court to ascertain how the reviews proceeded. She states that at a minimum, she will want to depose the witnesses to probe the extent of their knowledge of the process and what protocols were used.

This case was filed in October 2017. Rosa I was issued in August 2018. Fact discovery closed in June 2020, after several consensual extensions. There has been more than enough time for Rosa to gather any information and depose any relevant parties. Yet, she has presented nothing

to dispute the material fact that different personnel reviewed the original application and the appeal.

Counsel for Rosa stated that he was under the impression that the case would be resolved in favor of his client at the summary judgment stage, and for that reason no discovery was propounded.  Yet, Rosa did not file a timely motion for summary judgment.  As stated, her cross-motion was not filed in accordance with the most recent joint scheduling order, instead being filed as a cross-motion to Wells Fargo's motion for summary judgment.  If it was Rosa's assumption that the motion would be resolved through the summary judgment process, it is illogical that she would not have filed her own motion for summary judgment, rather than filing a procedurally questionable cross-motion.  Further, she was aware that her claim under § 1024.41(h) survived the motion to dismiss.  While she may have incorrectly believed that she had other, stronger claims (as will be discussed in detail), it is unclear why she would not pursue any discovery on the claim that was the only basis expressed in Rosa I for allowing the case to continue.

Counsel further stated that the parties were engaged in mediation and were hopeful that the matter could be resolved through that process, rather than the discovery process.  Counsel made a similar representation at oral argument on Rosa's motion to amend the complaint when questioned as to why it took him over 18 months to amend the complaint after recognizing the existence of the new claim.  While the Court accepted the reasoning in relation to the motion to amend, partly because Wells Fargo did not argue any undue delay, it cannot accept the same reasons here.  The underlying bankruptcy case was filed in August 2017.  This adversary proceeding was filed in October 2017.  The issues relating to the loan modification were the sole purpose of the bankruptcy.  After nearly three years it is unpersuasive to rely on the mediation as good cause for any delay.

The language of the regulation is straightforward. It does not require any specific criteria, or standard of review, or information about who had access to what information. As this Court noted in Rosa I, "The conduct of a servicer's evaluation with respect to any loss mitigation option is in the sole discretion of the servicer. A servicer meets the requirements of §1024.41(c)(1)(i) if the servicer makes a determination regarding the borrower's eligibility for a loss mitigation program." Mortgage Servicing Rules Under the Real Estate Settlement Procedures Act (Regulation X), 78 Fed. Reg. at 10896.

The applicable subsection merely requires that different personnel review the application and the appeal. The McNeal Certification confirms this fact. To the extent that Rosa challenges McNeal's personal knowledge, the McNeal Certification makes clear that his knowledge is based upon his review of the Wells Fargo business records as they pertain to Rosa. The business records exception to the hearsay rule provides:

> (6) Records of a regularly conducted activity. A record of an act, event, condition, opinion, or diagnosis if:
> (A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> (C) making the record was a regular practice of that activity;
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). Rosa has presented nothing which would preclude the application of the business records exception to the McNeal Certification.

Based upon these facts, summary judgment must be entered in favor of Wells Fargo as to § 1024.41(h).

## C. **Rosa is Precluded from Bringing Claims Under 12 C.F.R. § 1024.36**

In Rosa I, Wells Fargo sought dismissal of the entire complaint.  The Court ruled on the Motion to Dismiss believing that it was addressing all of the claims in the action, as none of the briefing referenced any other claims in any fashion.  The Court's opinion articulated this point by stating that claims were being brought under <u>two</u> provisions of RESPA - § 1024.41 and § 1024.35. The Court ultimately held that it would allow the case to go forward only as to a cause of action under § 1024.41(h).  Section 1024.36 was never discussed, because the regulation was never mentioned in this proceeding in any substantive capacity.  In the intervening 23 months, Rosa has done nothing to challenge or seek clarification of that ruling.  Instead, within the context of a cross-motion, she now seeks to salvage the adversary by stating a claim under § 1024.36.

The law of the case precludes this.  "The law of the case doctrine 'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.' A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision 'was clearly erroneous and would work a manifest injustice.'" <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 817 (1988) (quoting <u>Messenger v. Anderson</u>, 225 U.S. 436, 444 (1912); <u>Arizona v. California</u>, 460 U.S. 605, 618 (1983)). "Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." <u>Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc.</u>, 123 F.3d 111, 116 (3d Cir. 1997).

At oral argument, counsel for Rosa stated that he believed that, in Rosa I, this Court was following the decision of another bankruptcy court in this district, <u>In re Coppola</u>, 596 B.R. 140 (Bankr. D.N.J. 2018).  The <u>In re Coppola</u> court considered similar claims by a debtor under §§

1024.35, 36 and 41.  Therefore, Rosa presumed that this Court was also allowing a claim under §

1024.36 to go forward.  This argument defies logic, as the <u>In re Coppola</u> decision was issued nearly

three months <u>after</u> Rosa I was issued.  Rosa I did not reference <u>In re Coppola</u> because Rosa I could

not have referenced a decision not yet in existence.  Additionally, as previously stated, Rosa I did

not reference § 1024.36 in any capacity.

      The factual allegations in the complaint did not contain any reference to a failure to respond

to information, only the failure to properly evaluate the loan modification application.  To the

extent that the claim for relief section of the adversary complaint referenced § 1024.36, said claim

under that regulation was not supported by any facts alleging that information was requested, the

nature of the information, or that Wells Fargo did not respond to those requests.

      Wells Fargo's Motion to Dismiss presented Rosa with the opportunity to clearly articulate

her belief that she plead a claim under § 1024.36.  In the motion, Wells Fargo framed the lawsuit

as two claims being brought under § 1024.35 and § 1024.41.  Rosa did not raise the fact that

dismissal was inappropriate because another claim under § 1024.36 would survive.  The

combination of the facts as plead in the adversary proceeding along with the positions taken in the

Motion to Dismiss lead to the conclusion that any potential claim under § 1024.36 did not survive

after Rosa I.

      The issue has been decided and Rosa's sole remaining claim after this Court's decision on

wells Fargo's Motion to Dismiss is under § 1024.41.  To the extent that was not explicitly ordered,

the procedural history of the case makes clear that the parties either were aware, or should have

been aware, that was the ruling of the Court.

### D. **Rosa's Claims Under 12 C.F.R. § 1024.36 Fail as a Matter of Law**

Even, *arguendo*, there was sufficient ambiguity in the Court's ruling on the Motion to Dismiss as to allow for Rosa's claim under § 1024.36 to continue, those claims would still fail as a matter of law. This is because the First Letter and Second Letter cannot be viewed as "Requests for Information" which would fall under the purview of § 1024.36.

12 C.F.R. § 1024.36(a) requires that "[a] servicer shall comply with the requirements of this section for any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan."

Here, the First Letter and Second Letter are explicitly framed as Notices of Error. Rosa concedes as much in her adversary, which similarly refers to those letters as same. The First Letter does not reference § 1024.36 in any capacity. Though it outlines Rosa's issues with regards to the loan modification denial, it does not ask for any information as to the income calculation. Instead, it utilizes the exact language contained in requirement for a response contained in the Notice of Error regulation.

Compare Rosa's request:

> Please correct these errors and provide us with notification of the correction, the date of the correction, and contact information for further assistance; or after conducting a reasonable investigation and providing the borrower with a notification that includes a statement that you have determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents you relied upon in reaching this determination, information regarding how the borrower can request such documents, and contact information for further assistance.

With the language of § 1024.35 (Error Resolution Procedures):

(e) Response to notice of error.

(1) Investigation and response requirements.

(i)    In general. Except as provided in paragraphs (f) and (g) of this section, a servicer must respond to a notice of error by either:

(A) Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or

(B) Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

The Second Letter contains the same request.  It briefly references the time period for replies under § 1024.36, but only after similarly referencing the time periods for replies under § 1024.35.  It does not reference a Request for Information pursuant to § 1024.36 anywhere else in the letter, instead exclusively citing to § 1024.35.  While Rosa generally contends that Wells Fargo failed to provide information as to why certain information was discounted, the simple fact is that she never requested that information.  The letters go into great detail in outlining _why_ Rosa believes the decisions were in error.  The Second Letter provides:

On April 25, 2017 you received a complete loan modification application package from our Client (the "Application").  On May 17, 2017, you denied the Application on the grounds that "Based on the documentation you provided, we are unable to create an affordable mortgage payment that still meets the requirements of the program."  Your explanation of the reasons for denial showed that you under-calculated our Client's income by almost $7,000 per month.

On or about May 29, our Client appealed your decision on the basis that it was clearly erroneous and lacked any factual basis.  Rather than review your decision and correct the errors that you made, you responded with the enclosed letter (the "Appeal Denial").  The Appeal Denial does not provide

any reason to believe that anyone reviewed or attempted to correct your
errors.  To the extent that you did undertake a review, you failed to provide
"the specific reasons for denying each trial or permanent loan modification
option" and "the specific criteria that the borrower failed to satisfy" as
required by 12 C.F.R. § 1024.41(d).

Yet, notably missing from this detailed narrative is any request for information as to the

basis for the decision.  The letter is solely focused on the correcting the error, not obtaining any

information.  This reinforces the position that the First and Second Letter were Notices of Error,

and not requests for information.

There is no possibility that Wells Fargo could have considered these letters as anything

other than Notices of Error.  Rosa's attempt to now characterize them as both a Notice of Error

and a Request for Information is disingenuous.  Rosa's own actions support a finding that the First

Letter and Second Letter were properly characterized as Notices of Error and not Requests for

Information.  In each of her four letters, all sent through counsel, she explicitly articulated the basis

for the letter.  Where she had numerous bases for the letter, she stated as much.  The First Letter

was characterized as an Appeal and a Notice of Error.  The Second Letter was characterized as a

Notice of Error.  The Third Letter was characterized as a Request for Information.  The Fourth

Letter was characterized as both a Request for Information and a Notice of Error.  It is not plausible

that Rosa was so precise in each letter yet intended for those letters to encompass other provisions

not referenced.

But Rosa posits that any request for any information, however styled, must be considered

a Request for Information.  Therefore, because the First Letter and Second Letter "requested" the

specific "information" which § 1024.35(e)(1) requires, it must also be characterized as a Request

for Information.  Accepting this theory would require a servicer to respond to an inquiry for the

same information in accordance with two separate regulations with differing requirements for timing and the nature of the response.  This is not the purpose of RESPA.

Finally, Rosa cannot establish a claim under § 1024.36 because she cannot establish damages caused by any purported violation of that regulation.  Any damage was the result of the denial of the loan modification application.  The remedy for the denial was an appeal, which she pursued.  This Court has already determined that there was no violation of RESPA due to the denial of the loan modification.  Rosa cannot show any damages based upon the failure to reply to the purported Requests for Information.  *See* <u>Naimoli v. Ocwen Loan Serving, LLC</u>, 2020 WL 2059780, at * 12 (W.D.N.Y April 29, 2020).  While, under 11 U.S.C. § 2605(e), RESPA provides for statutory damages where a defendant has a pattern or practice of noncompliance "proof of actual damages is mandatory to recover on a § 2605(e) violation, and a § 2605(e) claim cannot stand on statutory damages alone." <u>Selman v. CitiMortgage, Inc.</u>, 2013 WL 838193, at *9 n. 10 (S.D. Ala. Mar. 5, 2013).

For these reasons Rosa cannot support a claim under 12 C.F.R. § 1024.36 as to the First Letter and Second Letter.

### E.  Claims Related to the Third Letter and Fourth Letter Must Be Rejected

The Third Letter and Fourth Letter each post-date the adversary complaint.  They have not been referenced in any pleadings before this Court.  The letters were sent during the infancy of the adversary proceeding.  Rosa has had ample time to notice Wells Fargo that she wished to amend the complaint to include claims related to the response to those filings.  She did not.  Even in her Motion to Amend the Complaint, which was filed over two years after the response to the Third

Letter and well over one and a half years after the response to the Fourth Letter, she did not plead any facts relating to claims based upon those Letters in her proposed amended complaint.

Wells Fargo had no notice of any claims pertaining to the Third Letter and the Fourth Letter until receiving an objection to summary judgment, and cross-motion. That is improper. "A plaintiff may not amend a complaint by raising arguments for the first time in a brief in opposition to a motion for summary judgment." Warfield v. SEPTA, 460 Fed. Appx. 127, 132 (3d Cir. 2012) (citing Shanahan v. City of Chi., 82 F.3d 776, 781 (7th Cir. 1996); Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 641-642 (3d Cir. 1993)).

This end around from filing a motion to amend cannot be allowed, as it permits Rosa to bring new claims without satisfying the standard for amending pleadings under Fed. R. Bankr. P. 7015, which, while liberal, does not allow for amendments in the case of undue delay, undue prejudice, or futility. See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). There does not appear to be any grounds for such a lengthy delay in this case. Ultimately, however, this Court need not make any determinations as to whether an amended pleading is appropriate. Pursuant to the joint scheduling orders submitted in this case, any motion to amend was required to be filed no later than 30 days after the close of fact discovery. Rosa did not do so. Allowing a de facto amendment through a cross-motion for summary judgment vitiates the Bankruptcy Rules. The parties agreed to the discovery schedule and it would be unfairly prejudicial to Wells Fargo to allow Rosa to ignore it.

Rosa takes the position that an amended pleading is not necessary, as the Third Letter and Fourth Letter constitute continuing conduct on the same claim for violation of RESPA which has already been plead in the adversary complaint. This position is rejected. As stated above, this Court has already dismissed any such claim as may have been pled in the adversary complaint.

Rosa cannot use actions taken after she filed the complaint to create a cause of action that did not

exist at the time she filed the complaint, at least not without amending the complaint.

For these reasons the Court will not consider any claim relating to the Third Letter or the

Fourth Letter.


**V.**      **Conclusion**


For the reasons stated herein, Wells Fargo's Motion for Summary Judgment is GRANTED.

Rosa's Cross-Motion for Summary Judgment is DENIED.



<u>/s/Christine M. Gravelle</u>

Dated: September 10, 2020          United States Bankruptcy Judge